IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CR-101-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BENITO LOPEZ-CABRERA, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a special agent with the Department of Homeland Security. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by the preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a four-count indictment on 12 November 2014 with: making a false statement and claim that he was a citizen of the United States with the intent to engage unlawfully employment in the United States on or about 10 June 2011 in violation of 18 U.S.C. § 1015(e) (ct. 1); false representation of a Social Security account number on or about 10 June 2011 in violation of 42 U.S.C. § 408(a)(7)(B) (ct. 2); aggravated identity theft on or about 10 June 2011 in violation of 18 U.S.C. § 1028A(a)(1) (ct. 3); and eluding examination and

inspection by immigration officers from sometime in 2008 through 15 October 2014 in violation of 8 U.S.C. § 1325(a)(2) (ct. 4). The evidence presented at the hearing showed that defendant is a citizen of Guatemala who entered the United States illegally as a minor and remains illegally in this country. Since 2007, he has used the name and other identifying information of another person, a United States citizen in Puerto Rico ("the victim"), as his own. He obtained an Ohio identification card and North Carolina driver's license using the victim's identifying information. The charges in counts 1 to 3 of the indictment arise from his presentation of the false identifying information when applying for work in North Carolina on 10 June 2011. Defendant admitted to police that he purchased documents with the victim's information from a friend in 2007 for $1,600. The victim's credit has suffered as a result of hospital expenses incurred by defendant being charged to the victim.

## Discussion

The principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the deceptive nature of the offenses charged; the circumstances of the offenses charged, including defendant's knowing use of another person's identity over an extended period and his unlawful status in the United States; the pendency of an ICE detainer against defendant; the prospect defendant faces of removal from the United States after service of a term of imprisonment; the absence of a suitable third-party custodial arrangement; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of an extensive criminal record (he has three misdemeanor convictions for driving while impaired and one for driving while licensed revoked), and the presence of his "common law wife" and his

2

Case 7:14-cr-00101-BO   Document 17   Filed 12/04/14   Page 2 of 3

child in North Carolina. It finds, however, that the factors favoring detention outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of December 2014.

_____
James E. Gates
United States Magistrate Judge